* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Order, based upon the record of the proceedings before Deputy Commissioner Ledford, Plaintiff's Form 44, and Defendant's brief before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Order. Accordingly, the Full Commission affirms the Opinion and Order of Deputy Commissioner Ledford.
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. At all relevant times, an employee-employer relationship existed between Plaintiff Scott Porter and Defendant-employer PPG Industries, Inc.
3. On the date of the hearing before Deputy Commissioner Ledford, Plaintiff was 39 years of age. He has a high school education, and one year of college. Plaintiff first began working for PPG Industries in 1984 and was employed there for about 20 years.
4. On or about March 13, 2001, Plaintiff sustained an admittedly compensable injury by accident in the course of his employment with PPG Industries, resulting in injury to his neck and left shoulder. PPG Industries accepted the claim and its servicing agent began paying Plaintiff benefits pursuant to a Form 60.
5. Plaintiff received medical treatment for his neck and left arm from various medical providers. After initial conservative treatment, he underwent three neck surgeries.
6. Following the last surgery on March 24, 2004, Plaintiff's treating surgeon, Dr. Craig VanDerVeer, wrote a note releasing Plaintiff to return to work an eight-hour day as of March 29, 2004, with restrictions as of March 29, 2004. Plaintiff presented the note to PPG Industries where it was reviewed by Dr. Ritchie Lewis, company physician, and by Brian McIlwain, human resources manager. Both men spoke with Plaintiff.
7. As Dr. Lewis testified, the jobs in the plant are physically demanding and Dr. Lewis had concerns that Plaintiff could not safely perform any position given his history and the restrictions set forth in the note. Dr. Lewis told Plaintiff that there were no jobs available within his restrictions as outlined by Dr. VanDerVeer.
8. McIlwain agreed that there were no jobs available in the plant within the Plaintiff's restrictions and which Plaintiff could safely perform. Per McIlwain, under PPG Industries's policy, Plaintiff was allowed through March 31, 2004, to return to work prior to the expiration of his medical leave. After that, he could apply for pension disability benefits. McIlwain met with Plaintiff to see if there was any job Plaintiff could safely perform and concluded there was not, and Plaintiff was so advised.
9. Following the discussion with Dr. Lewis and McIlwain, Plaintiff contacted Dr. VanDerVeer and secured a new noted dated April 1, 2004, which indicated that Plaintiff could return to work with no restrictions as of April 2, 2004. Plaintiff presented this note to PPG Industries. Given the prior note, Dr. Lewis had concerns about Plaintiff's ability to perform the physically demanding work.